# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY A. ELLEBRACHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV02180 ERW |
| ) | |
| DIRECTV, INC., a California Corporation, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendant's Motion to Dismiss [doc. #5].

## I. BACKGROUND FACTS

In this action, Plaintiff Timothy Ellebracht ("Plaintiff") seeks compensatory and punitive damages from Defendant DirecTV, Inc. ("Defendant") for Defendant's alleged malicious prosecution of a civil suit brought by Defendant against Plaintiff in this Court in October 2002 (the "underlying litigation"). *See DirecTV, Inc. v. Ellebracht et al.*, No. 4:02CV01496 ERW.[1] In his single-count Complaint, Plaintiff alleges that Defendant electronically scrambles the satellite transmission of its programming to prevent its unauthorized interception. When a customer establishes an account with Defendant, the customer receives an "access card" and other system hardware, permitting the customer to receive the satellite transmission in an unscrambled format. According to the Complaint, Defendant believes that certain technologies, including "reader-writer" hardware units, allow individuals to

---

[1] In the underlying litigation, Defendant brought a four-count complaint against Plaintiff, alleging that he had engaged in the unauthorized reception of satellite signals in violation of 47 U.S.C. § 605(a); the unauthorized interception of electronic communications in violation of 18 U.S.C. § 2511(1)(a); the possession of pirate access devices in violation of 18 U.S.C. § 2512(1)(b); and conversion in violation of Missouri common law.

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

unlawfully access its scrambled satellite transmission. Plaintiff alleges that Defendant presumes that individuals who obtain these technologies are illegally pirating its programming and that vendors who sell the technology are distributing pirating devices. The Complaint states that Defendant investigated various individuals and businesses it believed were pirating its programming and that Defendant caused various search warrants and writs of seizure to be executed against these individuals and businesses. Plaintiff alleges that Defendant then conceived of a coordinated plan of enforcement against those it perceived had illegally pirated its programming. This is alleged to have included the procurement of a prototypical cause of action that could be used in multiple courts across the nation and a multi-faceted structure of settlement alternatives that would be demanded from any identified customer subject to suit.

According to Plaintiff, on June 5, 2000, he purchased a reader-writer unit on the Internet while doing work related to development of an integrated software program. On August 14, 2002, Defendant sent a settlement demand to Plaintiff, informing him that he had purchased an illegal signal theft device and that he could settle with Defendant on unspecified terms or Defendant would sue Plaintiff in court. By return letter, Plaintiff denied the allegations made by Defendant. On October 1, 2002, Defendant brought a civil action against Plaintiff, which ultimately was dismissed by Defendant on May 13, 2004. The Complaint alleges that Defendant acted without probable cause and with malice in bringing the underlying litigation. By its present Motion, Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

**II.     MOTION TO DISMISS STANDARD**

The standards governing motions to dismiss are well-settled. A complaint shall not be

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of a claim entitling him or her to relief. *Breedlove v. Earthgrains Banking,* 140 F.3d 797, 799 (8th Cir. 1998). When deciding a motion to dismiss under Rule 12(b)(6), the Court must assume that all material facts alleged in the complaint are true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999). The court must view all facts and inferences in the light most favorable to the non-moving party and "may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint." *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 464 (8th Cir. 2002). Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1976). When considering a motion to dismiss pursuant to Rule 12(b)(6), a court generally ignores material outside of the pleadings, but may consider certain kinds of materials such as those that are part of the public record and those that are necessarily embraced by the pleadings. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

### III. DISCUSSION

In support of its Motion to Dismiss, Defendant argues that Plaintiff has failed to state a claim for malicious prosecution because: (1) Plaintiff's claim is barred as a matter of law due to his inability to establish a lack of probable cause; (2) Plaintiff has not sufficiently pled malice; and (3) Defendant's

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

act of filing the underlying litigation is protected by the *Noerr-Pennington* doctrine.

"Missouri law does not favor suits in malicious prosecution." *Zahorsky v. Griffin, Dysart, Taylor, Penner and Lay, P.C.*, 690 S.W.2d 144, 151 (Mo. Ct. App. 1985). Under Missouri law, the tort of malicious prosecution requires a plaintiff to plead and provide strict and clear proof of six elements: (1) the commencement of an earlier suit against the plaintiff; (2) the instigation of that suit by the defendant; (3) the termination of that suit in favor of the plaintiff; (4) a lack of probable cause for the suit; (5) the defendant, in commencing the suit, was motivated by malice; and (6) damage to the plaintiff resulting from the suit. *See Simpson v. Indopco, Inc.*, 18 S.W.3d 470, 473 (Mo. Ct. App. 2000); *Turman v. Schneider Bailey, Inc.*, 768 S.W.2d 108, 112 (Mo. Ct. App. 1988). "Probable cause for initiating a civil action consists of a belief in the facts alleged, based on sufficient circumstances to reasonably induce such belief by a person of ordinary prudence in the same situation, plus a reasonable belief by such person that under such facts the claim may be valid under the applicable law." *Kelley v. Kelley Residential Group, Inc.*, 945 S.W.2d 544, 549 (Mo. Ct. App. 1997). "Malice may be inferred from the absence of probable cause." *Turman*, 768 S.W.2d at 112.

    A.    <u>Probable Cause</u>

Defendant first argues that Plaintiff's claim is barred as a matter of law due to his inability to establish a lack of probable cause. Defendant states that, as a matter of law, any attempt by Plaintiff to plead that Defendant lacked probable cause to bring the underlying litigation fails. In support of this contention, Defendant points out that, in the underlying litigation, Plaintiff's motion for summary judgment was denied.[2] Defendant asserts that, as a matter of law, this denial of the motion for

---

[2]Plaintiff's motion for summary judgment was denied in the underlying litigation. *See DirecTV v. Ellebracht et al.*, No. 4:02CV01496 ERW, Mem. and Order (Apr. 30, 2004). The Court may properly consider the public record developed in the course of the underlying

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

summary judgment establishes that Defendant had probable cause to bring suit against Plaintiff. Thus, according to Defendant, Plaintiff cannot establish an essential element of his claim and it fails as a matter of law. In response, Plaintiff argues that Defendant's theory of liability evolved during the course of the litigation, making it clear that Defendant lacked probable cause at the time it initially filed the underlying litigation.[3]

Defendant relies on *Porous Media Corporation v. Pall Corporation*, 186 F.3d 1077 (8th Cir. 1999).[4] In *Porous*, Porous Media Corporation ("PMC") had successfully defended against certain counterclaims which had been asserted by Pall Corporation ("Pall") in the earlier litigation. *Porous*, 186 F.3d at 1078. In the earlier litigation, the district court had denied PMC's motion for judgment as a matter of law on the counterclaims and had submitted the counterclaims to the jury. *Id.* Then, PMC brought suit against Pall for malicious prosecution, contending that the counterclaims were motivated by malice and were without probable cause. *Id.* In the suit for malicious prosecution, the district court entered judgment on the pleadings in Pall's favor, finding that the claim for malicious

---

litigation. *See Porous Media Corp.*, 186 F.3d at 1079. The Court notes that both parties invite the Court to consider the record of the underlying litigation, and neither party objects to the consideration of the information contained in that record.

[3]Plaintiff argues that Defendant's theory of recovery changed after discovery. According to Plaintiff, Defendant's initial theory was that Plaintiff was illegally intercepting Defendant's signal through the use of a reader-writer device. Plaintiff states that this theory was later "abandoned" at the summary judgment stage because Defendant realized that it could not make out a submissible case against him. Plaintiff states that Defendant then chose to proceed under a theory that he used three receivers to obtain Defendant's programming while only paying for two. Thus, according to Plaintiff, the denial of summary judgment in the underlying litigation is immaterial because summary judgment was pursued on a theory which differed from the initial theory of recovery.

[4]The *Porous* court applied Minnesota law. *See Porous*, 186 F.3d at 1079. This is of no consequence, however, because the Minnesota law cited and applied by the court is identical to applicable Missouri law.

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

prosecution failed due to an inability to establish a lack of probable cause. *Id.* In affirming the district court's decision to enter judgment on the pleadings, the Eighth Circuit agreed with the district court that the denial of the motion for judgment as a matter of law in the underlying case established that there was probable cause for bringing the counterclaims. *Id.* at 1080. The court explained that the denial of the motion demonstrated that reasonable jurors could differ as to whether Pall should prevail on its counterclaims, indicating the presence of probable cause. *Id.* The Eighth Circuit noted that "[o]ther decisions from federal courts have reached similar conclusions with respect to rulings denying motions for summary judgment."[5] *Id.* The court concluded that the district court's denial of the motion for judgment as a matter of law "fatally undermine[d] its claims for malicious prosecution," *id.*, and "settle[d] the question of whether probable cause supported the counterclaims." *Id.* at 1081.

The factual circumstances of this case are similar to those in *Porous*. Here, both Plaintiff and Defendant brought motions for summary judgment in the underlying litigation. Defendant's motion was denied in its entirety due to outstanding issues of material fact. *See DirecTV, Inc. v. Ellebracht et al.*, No. 4:02CV01496 ERW, Mem. and Order (March 24, 2004). Plaintiff's motion was denied, in part,[6] due to outstanding issues of material fact. *See id.*, Mem. and Order (April 30, 2004). As in *Porous*, the denials of summary judgment in the underlying litigation are fatal to Plaintiff's claim for malicious prosecution. The denials of the motions for summary judgment demonstrate that reasonable jurors could differ as to whether Defendant could prevail on its claims, indicating the claims were supported by probable cause. Like PMC in *Porus*, Plaintiff is unable to establish an essential element

---

[5]The court noted that "[t]he standards for granting summary judgment and judgment as a matter of law are essentially the same." *Porus*, 186 F.3d at 1081.

[6]Plaintiff's motion for summary judgment was denied as to all counts except Count III. Count III was dismissed because the Court found there is no private civil cause of action against a person for possessing a pirate access device in violation of § 2512(1)(b).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

of his claim because the denial of summary judgment in the underlying litigation conclusively establishes that Defendant had probable cause in bringing suit. Plaintiff's argument to the contrary is without merit.[7] Therefore, Plaintiff's claim is barred and his Complaint will be dismissed for failure to state a claim upon which relief may be granted.[8]

### B. *Noerr-Pennington* Doctrine

Plaintiff's claim must be dismissed for the additional and independent reason that Defendant's act of filing the underlying litigation constitutes petitioning activity protected under the *Noerr-Pennington* doctrine. Claims arising from litigation activity are barred as a matter of law unless the underlying lawsuit is a "sham." *Prof'l Real Estate Investors v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 56 (1993); *Porous*, 186 F.3d at 1080 n.4. A "sham" litigation is one that is "both (i) objectively baseless in that no reasonable litigant could expect success on the merits and (ii)

---

[7]Plaintiff argues that, because Defendant's theory regarding the manner in which he was obtaining Defendant's signal without authorization had changed by the time the summary judgment motions were filed, the denials of the motions for summary judgment have no bearing on whether Defendant had probable cause when it initially brought suit. Plaintiff's argument is without merit. "[T]he elements for a cause of action in malicious prosecution refer to the commencement of a 'proceeding' by the defendant, *Zahorsky*, 690 S.W.2d at 150-51, "and in no way indicate that any of the theories underlying a particular proceeding could render the entire action one without probable cause." *Id.* at 151. "An action in malicious prosecution therefore requires the plaintiff to show want of probable cause for the proceeding. The plaintiff does not meet his burden by showing the defendant's lack of probable cause in one of the number of theories underlying the proceeding where other theories are supported by probable cause." *Id.* In the underlying litigation, Defendant alleged that Plaintiff was engaged in signal piracy, and the parties' motions for summary judgment were denied due to outstanding issues of material fact regarding this issue. Thus, contrary to Plaintiff's argument, the denials of the summary judgment motions are relevant because they establish that there was probable cause sufficient to support the proceeding.

[8]The Court need not address the parties' arguments related to malice. *See Zahorsky*, 690 S.W.2d at 151. ("[M]alice 'may be inferred from the facts which go to establish want of probable cause.' When probable cause exists, the issue of malice becomes irrelevant because even if malice is clearly shown, the action for malicious prosecution must fail.").

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

subjectively motivated by bad faith." *Porous*, 186 F.3d at 1080 n.4. To demonstrate that the litigation is a "sham," the plaintiff first must prove that the litigation is so objectively baseless "that no reasonable litigant could realistically expect success on the merits." *Prof'l Real Estate Investors*, 508 U.S. at 60. If a plaintiff demonstrates the challenged litigation is objectively without merit, a court may examine the litigant's subjective motivation. *Id.* Here, Plaintiff cannot, as a matter of law, establish that the underlying litigation was a sham. Because Defendant had probable cause to file and maintain the underlying litigation, Defendant is immune from suit. *See id.* at 61-62 ("The existence of probable cause defeats [the] contention that [a] lawsuit was objectively a 'sham.'").

**IV.    CONCLUSION**

Because Plaintiff cannot, as a matter of law, establish a lack of probable cause, Plaintiff's claim for malicious prosecution fails to state a claim upon which relief may be granted. In addition, Plaintiff's claim must be dismissed because Defendant's act of filing the underlying litigation was petitioning activity that is immunized by the First Amendment. Therefore, Plaintiff's claim against Defendant will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [doc. #5] is **GRANTED**. An appropriate Order of Dismissal shall accompany this Order.

Dated this 7th day of June, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com